IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD ARSENAULT,

        Plaintiff,

v.                              1:13-cv-00496-WSD

TYLER PERRY STUDIOS,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Second Motion for Extension of Time to File a Response to Defendant's Motion to Dismiss.

## I.   BACKGROUND AND DISCUSSION

On July 29, 2013, the Defendant moved to dismiss the Plaintiff's Complaint for failure to state a claim under Rule 12 of the Federal Rules of Civil Procedure.  On September 16, 2013, the Court received a letter from the Plaintiff that requested 60 additional days to respond to the Defendant's Motion to Dismiss.  In the letter, the Plaintiff stated that he just received, that day, the Defendant's Motion to Dismiss.  Plaintiff did not explain why the Motion to Dismiss took over five weeks to be delivered to him.  On October 8, 2013, the Court extended the

Plaintiff's time to respond to the Defendant's Motion to Dismiss the Complaint, and unequivocally ordered the Plaintiff to file a response on or before October 25, 2013.  The Court granted the Plaintiff an extension to file his response even though more than 60 days had passed since the Motion to Dismiss was filed, and nearly one month had passed since Plaintiff received the Motion to Dismiss.

On October 24, 2013, one day before the deadline to file a response to the Defendant's Motion to Dismiss, the Plaintiff again moved to extend the time to file his response.  The Plaintiff seeks an additional and unlimited extension of time to file his response on the grounds that he is awaiting the resolution of a complaint filed against counsel for the Defendant with the State Bar of Georgia.  In October, 2013, the Plaintiff apparently registered a complaint with the State Bar of Georgia in which he alleged that counsel for the Defendant made false and misleading statements in the Motion to Dismiss filed in this matter.  Plaintiff's complaint against counsel for the Defendant appears to be frivolous on its face.

The Court's local rules provide that a Court may dismiss for want of prosecution when a plaintiff "fail[s] or refuse[s] to obey a lawful order of the court in the case."  LR 41.3(A)(2) N.D. Ga.  Further, under Federal Rule of Civil Procedure 41(b), a district court may "dismiss an action *sua sponte* . . . for failure to obey a court order."  Fed. R. Civ. P. 41(b), see also Equity Lifestyle Props., Inc.

2

<u>v. Fla. Mowing & Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240-41 (11th Cir. 2009).

Plaintiff failed to comply with the Court's October 8, 2013, Order after being granted an extension of time to file his response to the Defendant's Motion to Dismiss.  The Court granted the Plaintiff's first motion for extension of time despite the fact that one month had passed since Plaintiff received the Motion to Dismiss, and Plaintiff did not explain why the Motion to Dismiss took over five weeks to be delivered to him.  Plaintiff filed his second Motion seeking an unlimited extension of time only one day before the deadline set by the Court's Order.  It is clear to the Court that Plaintiff did not intend to comply with the Court's October 8, 2013, Order that unequivocally required a response to be filed on or before October 25, 2013.  The outcome of Plaintiff's bar complaint against defense counsel is irrelevant to the resolution of this dispute.  Plaintiff has, therefore, failed to provide an adequate basis for seeking another extension of time to file his response.  Plaintiff has not, to date, filed his response to the Defendant's Motion to Dismiss the Complaint.  Plaintiff's repeated failure to file a response to the Motion to Dismiss, and comply with the Court's Order demonstrates that Plaintiff is no longer interested in prosecuting this case.  Instead, Plaintiff seeks to turn this matter into a vexatious proceeding by introducing facts regarding a frivolous bar complaint that are irrelevant to the outcome of this case.

## II.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Plaintiff's Second Motion for Extension of Time is **DENIED** [18].

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss is **DENIED AS MOOT** [12].

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED** this 26th day of February 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE